IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY POWELL,

      Plaintiff,                          No. 2:09-cv-03048 GEB KJN

      v.

FULTON-EL CAMINO RECREATION
AND PARKS DISTRICT,

      Defendant.                      ORDER

_____/

      Presently before the court is plaintiff's motion to amend his responses to defendant's request for admissions propounded pursuant to Federal Rule of Civil Procedure 36 (the "RFAs"), which is set for hearing before the undersigned on September 2, 2010.[1] (Dkt. No. 11.) Having concluded that oral argument would not materially assist the court, the undersigned hereby submits defendant's motion on the briefs and record on file and will vacate the hearing date. For the reasons that follow, the undersigned will grant plaintiff's motion, but will grant defendant's request for additional time to depose plaintiff.

////

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

I.   BACKGROUND

Plaintiff filed this action concerning plaintiff's employment with defendant in the Superior Court for the County of Sacramento, and, on October 30, 2009, defendant removed the action to this court. (Dkt. No. 2.) Defendant has filed an answer to plaintiff's complaint.[2] (Dkt. No. 5.) On February 25, 2010, the district judge presiding over this matter, United States District Judge Garland E. Burrell, Jr., entered a Status (Pretrial Scheduling) Order, which ordered that discovery in this case be completed by January 18, 2011. (Dkt. No. 10 at 2.)

On April 16, 2010, defendant propounded a first set of discovery requests that included a set of special interrogatories, a set of requests for the production of documents, and a set of request for admissions. (Parker Decl. ¶ 2 & Ex. A; Pazdernik Decl. ¶ 10 & Ex. A.) Only the RFAs are the subject of plaintiff's pending motion, and plaintiff concedes that service of the RFAs was proper. (Pazdernik Decl. ¶ 4.) Responses to the RFAs were due May 20, 2010. (Parker Decl. ¶ 4.)

Plaintiff failed to timely respond to the RFAs. (See id.; see also Pazdernik Decl. ¶ 7.) Plaintiff's counsel declares that he first learned that the RFAs had been served, and that he had failed to respond to them, during plaintiff's deposition, which was taken on June 24, 2010.[3] (Pazdernik Decl. ¶¶ 4-6.) Although plaintiff's counsel technically takes "100%" of the responsibility for this error, he repeatedly blames his office staff for allowing the RFAs to go unanswered. (Pazdernik Decl. ¶¶ 7, 9.) Defendant's counsel declares that he was forced to

---

[2] On August 3, 2010, plaintiff filed a motion to amend his complaint to add additional constitutional claims. (Dkt. No. 12.) Plaintiff seeks leave to file an amended complaint because, in part, his attorney failed to plead these claims allegedly as a result of "excusable neglect/ignorance." (Dkt. No. 12 at 3.) Similarly, the basis for plaintiff's present request to amend his responses to the RFAs is also the alleged mistake or neglect of plaintiff's counsel. (See Pazdernik Decl. ¶¶ 4-9.) Plaintiff's motion seeking leave to amend his complaint is presently set for hearing before Judge Burrell on September 13, 2010.

[3] It appears from plaintiff's memorandum that plaintiff's deposition adjourned for the day, but had not been completed as of the date of the filing of plaintiff's motion. (See Pl.'s Memo. of P. & A. in Supp. of Mot. to Amend at 5.)

2

1  prepare for plaintiff's deposition without the benefit of plaintiff's discovery responses. (Parker
2  Decl. ¶ 6.)
3         On June 24, 2010, following adjournment of plaintiff's deposition, plaintiff's
4  counsel drafted responses to defendant's RFAs and served them on defendant by facsimile.[4]
5  (Pazdernik Decl ¶¶ 8, 11 & Ex. B; Parker Decl. ¶ 7.) Defendant subsequently received these
6  responses by mail. (Parker Decl. ¶ 7.) Upon receipt of plaintiff's untimely responses to the
7  RFAs, defendant's counsel informed plaintiff's counsel that once plaintiff failed to timely
8  respond to the RFAs, the requests were deemed admitted. (Parker Decl. ¶ 8.) Defendant's
9  counsel refused to stipulate to any amendment of plaintiff's responses to the RFAs and took the
10 position that plaintiff must file a motion to amend his responses. (Pazdernik Decl. ¶ 6; Parker
11 Decl. ¶ 8.)
12        On July 22, 2010, approximately two months after responses to the RFAs were
13 due and one month after plaintiff served his untimely responses to defendant's RFAs, plaintiff
14 filed the pending motion to amend his responses to the RFAs. (Dkt. No. 11.) Defendant opposes
15 plaintiff's motion on the grounds that plaintiff's failure to timely respond to discovery and
16 promptly file the instant motion caused defendant prejudice in preparing for plaintiff's deposition
17 and in conducting other discovery in this action. Alternatively, defendant requests that he be
18 permitted additional time to depose plaintiff if the court grants plaintiff's motion.
19        Although plaintiff's counsel offered no explanation in his initial moving papers
20 for his delay in filing the pending motion, plaintiff's reply brief and accompanying declaration
21 offer several excuses, some more meritorious than others, for failing to file the motion sooner.
22 (See Pl.'s Reply Br. at 2-3, Dkt. No. 16; see also Suppl. Pazdernik Decl. ¶¶ 2-3, Dkt. No. 16,
23 Doc. No. 16-1.) Because the undersigned ultimately concludes that plaintiff is entitled to relief
24 regardless of the reasons for the delay in filing the motion, this order will not address in any

---

[4] Plaintiff seeks to have these responses to the RFAs deemed as the amended responses to defendant's RFAs. (Padzernik Decl. ¶¶ 8, 11.)

3

detail the mitigating reasons offered by plaintiff's counsel.

Before turning to the merits of plaintiff's motion, the undersigned notes that the parties failed to comply with the requirements of Eastern District Local Rule 251, which generally requires the filing of a "joint statement re discovery disagreement." See E. Dist. Local Rule 251(a), (c). The parties filed no such statement. Nevertheless, the undersigned has considered plaintiff's motion as a matter of efficiency. Counsel for both parties are encouraged to review the court's Local Rules in detail.

## II.   DISCUSSION

Plaintiff's counsel admittedly failed to timely respond to defendant's RFAs. He offers no excuse other than his own error and the error of his office staff. Moreover, plaintiff's counsel was dilatory in filing the pending motion. The court empathizes with defendant's frustration with this level of practice and has its own frustrations with plaintiff's counsel. For example, plaintiff's counsel asserts in his brief that "[t]he courts have allowed relief under Rule 36(a)(6) Federal Rules of Civil Procedure when the failure to timely respond is due to the inadvertence or excusable neglect of counsel." (Pl.'s Memo. of P. & A. in Supp. of Mot. to Amend at 4.) However, *plaintiff's counsel cites no such cases*—indeed, plaintiff's counsel does not provide a single case citation in his entire memorandum of points and authorities. It is difficult to comprehend why plaintiff's counsel believes that this manner of briefing is helpful to the court. Nevertheless, the undersigned concludes that, under the applicable legal standard, plaintiff's motion should be granted.

With respect to requests for admissions, Federal Rule of Civil Procedure 36(a)(3) provides, in part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Rule 36(b) further provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Whether such relief is appropriate is governed by a two-

4

pronged test: a "court may permit withdrawal or amendment if it would [1] promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.

Rule 36(b) presents a permissive standard, and whether a party is entitled to relief in the form of withdrawal or amendment of responses to requests for admissions lies within the discretion of the district court.[5] Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007). However, "[t]he rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Id. (citations and quotation marks omitted). A district court's failure to consider the two components of Rule 36(b) identified above constitutes an abuse of discretion.[6] Id. at 625. A district court may also "consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the

---

[5] As defendant notes, the Ninth Circuit Court of Appeals has advised district courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985). This seems an appropriate admonition in cases such as C.I.T. Corp., where the defendant moved to withdraw an admission in the middle of trial. See id. ("Once trial begins, a more restrictive standard is to be applied in permitting a party to withdraw or amend an admission."). The undersigned heeds the Court of Appeals's warning, but concludes that it is not dispositive of the present motion.

[6] In Conlon, the Ninth Circuit Court of Appeals summarized the purposes and policies that animate Rule 36 and the requirement that a district court consider both prongs of the test before granting or denying relief in the form of amendment or withdrawal of responses:

> Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. The rule is not to be used in an effort to "harass the other side" or in the hope that a party's adversary will simply concede essential elements. Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions.

474 F.3d at 622 (citations and quotation marks omitted).

merits." Id.

Here, the first prong of the two-pronged test militates in favor of granting relief. "'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" Conlon, 474 F.3d at 622 (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)). Plaintiff argues that upholding his deemed admissions would preclude presentation of the merits of his case as a result of his attorney's mistake. Defendant does not substantively address this prong of the test in its opposition brief. Perhaps this is because such an argument would be fruitless. Plaintiff's failure to respond to the RFAs in this employment action resulted in admissions including the following: (1) defendant employed plaintiff on an at-will basis, (2) plaintiff's termination did not violate policies in defendant's personnel handbook, (3) defendant is not liable to plaintiff for an unlawful termination in violation of California Government Code § 3300, and (4) defendant did not violate plaintiff's rights provided by the Fifth and Fourteenth Amendments to the U.S. Constitution. (FRAs at 2-3, Parker Decl., Ex. A.) Were the court to uphold these admissions, plaintiff would necessarily be prevented from presenting the merits of his case—indeed, plaintiff's case would be all but resolved in defendant's favor on the basis of the deemed admissions.

Turning to the prejudice prong of the test provided in Rule 36(b), the court focuses on the "the prejudice that the nonmoving party would suffer at trial."[7] Conlon, 474 F.3d at 623-24 (stating additionally that "prejudice must relate to the difficulty a party may face in proving its case at trial"). "The party relying on the deemed admission has the burden of proving prejudice." Id. at 622.

---

[7] In Hadley, the Court of Appeals explained that "[t]he prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." 45 F.3d at 1348 (citation and quotation marks omitted).

6

In light of the record before the court, defendant would not suffer prejudice in proving its case at trial if the court granted relief to plaintiff. First, plaintiff has served defendant with proposed amended responses to the RFAs, albeit after substantial delay. Second, the discovery completion deadline in this case does not run until January 18, 2011, the motion hearing deadline is March 21, 2011, and trial is set for August 23, 2011. (Status (Pretrial Scheduling) Order at 2, 4.) Thus, defendant has several months to conduct additional discovery in advance of the motion hearing cutoff and trial. See Hydrotech, Inc. v. Bara Infoware, Inc., No. 1:09-cv-00069-OWW-SMS, 2009 WL 2460893, at *5 (E.D. Cal. Aug. 9, 2010) (unpublished) (finding a lack of prejudice where, in part, defendants still had four months to conduct discovery and nine months to prepare for trial following the grant of relief from deemed admissions). Third, it appears that plaintiff's deposition has not yet concluded, so defendant may further question plaintiff with plaintiff's amended responses. Taken together, the undersigned has difficulty concluding that defendant would be prejudiced at trial.

Defendant stakes its opposition on the second prong of the applicable test, arguing that it suffered prejudice as a result of plaintiff's failure to timely respond to the RFAs and failure to promptly file his motion seeking relief from his deemed admissions. Defendant argues that it was prejudiced by: (1) having to prepare for plaintiff's deposition without discovery responses; (2) having to prepare a discovery plan, including the selection of third parties to interview and depose, in reliance on the deemed admissions; and (3) the three-month "discovery limbo" created by plaintiff's delays. (Def.'s Opp'n to Mot. to Amend at 4-5.) Plaintiff has doubtlessly created a frustrating set of circumstances for defendant through his inattentiveness. However, the Ninth Circuit Court of Appeals has been reluctant to find that reliance on deemed admissions in preparing a motion for summary judgment and in foregoing other discovery, without more, constitutes sufficient prejudice to uphold deemed admissions. See Conlon, 474 F.3d at 624; Hadley, 45 F.3d at 1349. Given the relatively early stage of these proceedings and ample time in which defendant may propound additional discovery, the undersigned concludes that plaintiff

7

should be afforded relief in the form of amended responses to defendant's RFAs.

Plaintiff's counsel's conduct falls below the level of practice expected by the court and has caused frustration for the court and opposing counsel. However, the undersigned concludes that relief is nonetheless warranted under the applicable legal standard.

To ensure that defendant has an adequate opportunity to fully and fairly examine plaintiff, the undersigned will grant defendant one additional day, consisting of seven hours, to examine plaintiff at deposition. See Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.") This remedy, which defendant has requested in the alternative, is intended to mitigate much of the prejudice caused by plaintiff's neglect and dilatory conduct. In addition, plaintiff shall bear the cost of the reporter for this additional day of examination by deposition. See Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.").

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion is submitted on the briefs and record in this case and the hearing presently set for September 2, 2010, is vacated.

2.   Plaintiff's motion to amend its responses to defendant's request for admissions is granted, and the responses previously served shall constitute plaintiff's amended responses.

////

////

////

////

8

1    3.    Defendant will be permitted additional time to take the deposition of plaintiff, in the amount of one day of seven hours. Plaintiff shall bear the reporter's cost for that additional day of deposition.

IT IS SO ORDERED.

DATED: August 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE