IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAY POWELL, | ) | |
| | ) | 2:09-cv-03048-GEB-KJN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO AMEND COMPLAINT[*] |
| FULTON-EL CAMINO RECREATION AND PARK DISTRICT, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On August 3, 2010, Plaintiff Jay Powell moved under Federal Rules of Civil Procedure 15(a)(2) and 16(d) for leave to file a first amended complaint in order to allege new claims under the First and Fourteenth Amendments of the Constitution against Defendant Fulton-El Camino Recreation and Park District ("Fulton-El Camino"). (Docket No. 12.) Plaintiff argues his failure to plead these claims in his initial complaint was the result of "excusable neglect/ignorance of counsel" and that Defendant will not incur "significant prejudice or delay" if amendment is allowed. (Not. Mot. Amend 3:1-3.) Defendant opposes the motion, arguing Plaintiff was aware at the inception of this case of the facts underlying the claims he now seeks to allege and Defendant will suffer substantial prejudice if Plaintiff's motion is granted.

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1          Plaintiff filed his initial complaint in California Superior
2  Court in Sacramento on October 7, 2009.  Defendant removed the case
3  to this federal court on October 30, 2009.  On February 25, 2010, a
4  pre-trial scheduling order issued which prescribes: "[n]o further
5  . . . amendment[] to the pleadings is permitted, except with leave of
6  Court, good cause having been shown."  (Docket No. 10 2:1-4.)
7          Plaintiff's claims alleged in his initial complaint concern
8  his "release" from employment with Defendant.  Specifically, Plaintiff
9  alleges that while employed by Defendant, he "was active in the
10 formation of a police officers association," which caused "[f]riction
11 . . . between plaintiff and the Chief of the Police Department."
12 (Compl. ¶ 9.)  Plaintiff further alleges that on January 2, 2009,
13 Defendant "informed [him] that it had decided to release plaintiff
14 from . . . employment . . . ."  (Id. ¶ 10.)
15         Plaintiff alleges his first claim under the Fifth and
16 Fourteenth Amendments of the United States Constitution.
17 Specifically, Plaintiff alleges he had a "vested property right[] in
18 his position" as a police officer, and Defendants "violated [his]
19 rights . . . by terminating [him] without affording him the minimal
20 due process to which he was entitled."  (Id. ¶¶ 12-13.)  Plaintiff
21 alleges in his second claim that Defendant violated California
22 Government Code § 3300 *et seq.*, by failing to "afford [him] the
23 protections of the Peace Officers Bill of Rights."  (Id. ¶¶ 21-22.)
24 Lastly, Plaintiff alleges in his third claim that Defendant violated
25 California's Meyers-Milias Brown Act, California Government Code §
26 3500 *et seq.*, by terminating him in retaliation for forming a police
27 officers association.  (Id. ¶ 27.)
28

1    Plaintiff now requests leave to file a first amended
2 complaint to allege additional claims against Defendant.  The new
3 allegations Plaintiff seeks to allege include the following:

> Plaintiff was terminated by the Park District shortly after the Police Officers Association was formed and within days after: 1) lodging a protest with superiors at the Park District over the compelled disclosure of the Association's by-laws; 2) communicating his concern to superiors that he thought that the Chief was not qualified under California law to act as a peace officer and carry a firearm, and 3) becoming president of the police officers association.  As a result of the close proximity, plaintiff was wrongfully terminated from the Park District in violation of his 1st/14th Amendment rights of free speech, association and to petition.

(Pazdernik Decl. Ex. C. ¶ 14.)

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[]" whether a the scheduling order should be amended. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992).  "Thus, [Powell's] ability to amend his complaint [is] governed [first] by Rule 16(b), not Rule 15(a)."  <u>Id.</u> at 608.  The Ninth Circuit has articulated the Rule 16 inquiry as follows:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." [citation omitted].  Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." [citations omitted].  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence or degree of prejudice to the party opposing the modification

3

> might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted]. If that party was not diligent, the inquiry should end.

Id. at 609.

The parties' arguments, however, do not address the applicable "good cause" standard. Rather, Plaintiff argues his failure to allege the First and Fourteenth Amendment claims in his initial pleading was the result of "excusable neglect/ignorance of counsel." (Pl.'s Memo. P. & A. 3:1.) Specifically, Plaintiff's counsel declares:

> The original complaint did not contain a claim for violation of the First/Fourteenth Amendments and associated 42 U.S.C. § 1983 claim. The reason for this void in pleading was that I, in drafting the complaint, tracked the notice of claim that had been given by plaintiff's former counsel and felt the Brown Act claim adequately covered the claims concerning formation of the Police Officer's Association. It was not until recently that I discovered that a viable claim under the First and 14th Amendments [sic] . . . existed. This revelation came after the entry of the Rule 16 scheduling order but before the first session of plaintiff's deposition. Also, I waited until the facts supporting the amendment were objectified [sic] by witness deposition before seeking the amendment. The amendment is sought just days after the facts were objectified [sic].

(Pazdernik Decl. ¶8.)

Defendant counters that Plaintiff's counsel has been aware of Plaintiff's potential First Amendment claim since the beginning of this case. Defendant argues that the Notice of Claim Plaintiff filed, and which Plaintiff's counsel referenced, alleges that Defendant violated Plaintiff's First Amendment rights. (Def. Opp'n 3:1-4.) Defendant also argues it will suffer substantial prejudice if Plaintiff is allowed to amend his complaint to allege additional

4

1  claims since Defendant has nearly exhausted its allowed discovery.
2  (Id. 6:27-8:24.)
3    Plaintiff's moving papers and Plaintiff's counsel's
4  declaration indicate that Plaintiff's failure to plead his First and
5  Fourteenth Amendment claims initially was due to Plaintiff's counsel's
6  ignorance of the law.  Plaintiff argues his failure to plead these
7  claims "was a mistake" and a product of counsel's "excusable
8  neglect/ignorance."  (Pl.'s Reply 3:22, Mot. to Amend 3:4-5.)
9  Plaintiff's reply brief further indicates that Plaintiff's counsel
10 mistakenly "concluded that the Freedom of Speech/Assembly claims were
11 subsumed and covered . . . within the claims under the Fourteenth
12 Amendment and/or were covered by the California Brown Act Claim."
13 (Pl.'s Reply 3:15-18.)  However, such "carelessness is not compatible
14 with a finding of diligence and offers no reason for a grant of
15 relief."  Johnson, 975 F.2d at 609.  Further, Plaintiff's counsel has
16 not adequately explained why he could not have discovered that
17 Plaintiff's First and Fourteenth Amendment claims were not "covered by
18 [Plaintiff's] California Brown Act Claim" prior to the issuance of the
19 scheduling order.  Plaintiff, therefore, has not shown that he has
20 been diligent in pursuing the claims he seeks leave to allege.
21   Since Plaintiff has failed to show that good cause justifies
22 amending the scheduling order, his motion to amend is DENIED.
23 Dated:  September 8, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

5